HERMAN DENIO ET AL. *v*. THE STATE USE OF WARREN COUNTY.

OFFICIAL BOND. *Liability of sureties thereon. New duties added to office.*
  Where the sureties on the official bond of an officer executed the same under a law which clearly defined the duties of the office, and while the officer is still an incumbent of the office the Legislature passes a special act adding to the office duties wholly different in their nature from the duties of the office at the time of the execution of such bond, the sureties are not liable for the defaults of the officer occurring in the discharge of the duties imposed by the special act, even though the act declared that the officer shall be responsible for the performance of such added duties on his official bond.

APPEAL from the Circuit Court of Warren County.

Hon. WARREN COWAN, Judge.

In the fall of 1875 Herman Denio was elected to the office of clerk of the Circuit Court of Warren County, for the term of four years, commencing on the first Monday in January, 1876. Before entering upon the discharge of his duties he gave a bond, as prescribed by the general law. By an act, entitled " An act to make the county of Warren, in this State, a separate circuit and chancery court district, and to provide for the paying the expenses of the court therein ;" approved April 11, 1876 (Acts 1876, p. 237), and to take effect on the day of its approval, it was provided that each attorney and solici-

tor practising before said courts should pay an annual license fee, and it was also provided, that upon each suit, petition, appeal, or other matter or proceeding of a civil nature brought in said court a docket fee should be paid. By this act the clerk was required to collect these various fees and to pay them over to the treasurer of the county, and it was provided that he should be responsible for the same on his official bond. This suit was brought on December 18, 1882, by the State, for the use of Warren County, against Denio and the sureties on his official bond, the declaration alleging that Denio had failed to collect and pay over $540 of such fees. Denio and the sureties interposed demurrers, but they were overruled, and from a final judgment rendered against them they appealed to this court.

*L. W. Magruder,* for the appellants, filed an elaborate brief and made an oral argument, but the brief was withdrawn by him.

*Miller & Hirsh,* on the same side.

In all cases the condition of the bond must govern, and while it is admitted that the Legislature has the power to enlarge the duties of an office, yet when new powers are conferred and additional responsibilities imposed, they must be such as, within the contemplation of the parties, could be reasonably attached to the office. Mr. Brandt states the rule as follows: The sureties are not, however, liable for after imposed duties, which cannot be presumed to have entered into the contemplation of the parties at the time the bond was executed. Whatever view we may take of the constitutionalty of the statute, it is evident that radical and material changes in the duties of the office were not contemplated when the contract was made. Brant on Sure. 608 ; *Prybus* v. *Gebb,* 6 El. & Bl. 902 ; *The Commonwealth* v. *Holmes,* 25 Gratt. 771. It could not be said that if this Legislature were to require the circuit clerk of Warren County, by act passed after his qualification and assumption of the duties of the office, to perform the duties of State Treasurer, and take charge of the State funds, that his

sureties would be liable.   Neither would it be maintained that he could be required to act as sheriff and collect the taxes of the county, and thus enlarge the obligation of his sureties.

*H. C. McCabe,* for the appellee.

The duties of all our public officers are constantly undergoing changes and additions.   Scarcely a Legislature meets that it does not make some radical change in, or add some new and important duty to, the duties of some of our public officers. It would be an intolerable hardship. if every such change and modification would work an absolution of the obligations of these officers.   It would be a hardship on them if for every such change they should be required to give a new bond. Public policy dictated in consideration of the interests, both of the officer and the public, that these changes should not work an absolution of the bond.   It is understood by these sureties when they become bound for the discharge of the duties of any particular office, that they also become bound, not for the duties that are, but those that may be.   In short, they put themselves with their principal into the hands of the Legislature to be dealt with as it pleases, and should the Legislature see fit to change the duties of their principal, or add others thereto, not before existing, which the public interest may require, they will not be heard to complain, and will not be heard to say " we did not contract for this or that new duty, or did not contemplate this or that change."

CAMPBELL, C. J., delivered the opinion of the court.

The act entitled "An act to make the county of Warren, in this State, a separate circuit and chancery court district, and to provide for defraying the expenses of the courts therein," approved, April 11, 1876 (Acts 1886, p. 237), in its provision for payment to the clerks of said courts of the license fees of attorneys and solicitors, and docket fees, added to those offices duties different in their nature from the duties of the offices at the time of the execution of the bond sued on, and these added duties were not embraced by the

bond executed before the act was passed, although it declares that the clerks should be responsible for them on their bonds. The distinction is between an increase by the Legislature of the duties of an office of the same nature or like kind as those before pertaining to it, after the execution of the bond, and the addition of new duties, not of the same nature or kind with those before belonging to it. Every official bond is executed with a knowledge of the right, and the practice of the Legislature, to enlarge the duties of the officer, and for every additional duty imposed by competent authority, which is not in the kind, but in degree, merely different from those before pertaining to the office, and leaves the office unchanged in its functions, the bond before given may be fairly held to be a security, while for any duty, not pertinent in its nature to the office as existing when the bond was given, it cannot be justly said to have been within the contemplation of the obligators that they should be bound for them, and they are not so bound.

Prior to the act referred to the circuit clerk was not charged by law with any duty of the nature or kind imposed by it. The act under consideration made a very important and material change in the nature of the duties of the clerk in its requirement that he should become a collector of the revenue for the defraying of the expenses of a separate circuit and chancery court district for the county of Warren, which was a material change of the scheme of maintaining courts, and conducting the offices of the clerks as before known and practised in this State.

Judgment reversed, the demurrer of the sureties (appellants) sustained, and the action dismissed as to them. Judgment affirmed as to Denio, and judgment for costs against him and sureties on the appeal-bond.